Charles L. Robinson, CPA Legislative Joint Auditing Committee State Capitol, Room 172 Little Rock, Arkansas 72201
Dear Mr. Robinson:
This is in response to your request for an opinion on the following questions:
 1. May the Insurance Department pay an individual performing the duties of the Liquidation and Rehabilitation Officer from unappropriated cash funds under the authority of Ark. Stat. Ann. 66-4814(6) (Repl. 1980), or must such individual be paid in accordance with Act 680 of 1987?
 2. Are the individuals paid under the authority of Ark. Stat. Ann. 66-4814(6) (Repl. 1980) considered state employees?
The position of Liquidation and Rehabilitation Officer appears in Act 199 of 1969, as amended, under "Item (1445)" as "Liquidation and Rehabilitation Officer." See Ark. Stat. Ann. 12-3204 (Cum. Supp. 1985). As noted in your request, the appropriation act for personal services and operating expenses of the State Insurance Department includes an appropriation for the Liquidation and Rehabilitation Officer at Grade 22. See Act 680 of 1987. The legislature has therefore expressed its intent for the position of Liquidation and Rehabilitation Officer to be a Grade 22 position funded through the Insurance Department's appropriation act.
Also relevant to your inquiry is Ark. Stat. Ann. 66-4814(6) (Repl. 1980). The Insurance Commissioner has been given the authority under this statute to appoint special deputy commissioners and to employ counsel, clerks or assistants as he deems necessary. Express provision is made for the payment of these individuals out of the funds or assets of the insurer.
The answer to your first question may ultimately turn on whether a particular individual is indeed performing the duties of the Liquidation and Rehabilitation Officer. This would appear to be a question of fact that can only be answered on a case by case basis, keeping in mind the specified duties of that office. If the person is in fact performing all of the duties of a Liquidation and Rehabilitation Officer, it may be successfully contended that payment for that position must be in accordance with Act 680 of 1987 which sets forth the salary for that position as established under Act 199 of 1969. However, appointment of the particular individual to another position by the Commissioner or by court order would be a factor to consider in this regard. For example, appointment to the position of Deputy Commissioner (Receiver) under 66-4814(6) may offer come indication that the individual's duties are distinguishable from those of the Liquidation and Rehabilitation Officer.
It is my opinion that the answer to your second question is no. The only guidance offered in this regard under 66-4814(6) is the fact that individuals appointed or employed under authority of this statute are paid "out of the funds or assets of the insurer." Therefore it appears that the salaries of these persons are not paid from State funds. This conclusion is confirmed by Ark. Stat. Ann. 66-4814.2 (Cum Supp. 1985) which states that the funds referred to in 66-4814.1 (Cum Supp. 1985) [which, in turn, are the "funds or assets of the insurer" under 66-4814(6)] "shall in no way be commingled or combined with funds of the State of Arkansas." The Arkansas Supreme Court has stated on at least on occasion that payment by the State is a "very strong circumstance showing they are state employees." See McDaniel v. Moore,196 Ark. 201, 118 S.W.2d 272 (1938). That case involved individuals whose salaries were fixed and appropriated under Act 277 of 1937. The absence of payment by the State with respect to persons employed under 66-4814(6) may compel a court to conclude that they are not in fact State employees.
A determination should also be made in this regard with respect to whether these individuals receive other benefits through the State, such as insurance, retirement, social security, or workers compensation. Provision for these benefits through the funds or assets of the insurer would further indicate that these individuals are not State employees.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.